Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery St., Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiff
BAY AREA PAINTERS AND TAPERS PENSION TRUST FUNDS, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BAY AREA PAINTERS AND TAPERS PENSION TRUST FUNDS, DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, DISTRICT COUNCIL 16 NORTHERN CALIFORNIA APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND, and THE JOINT BOARDS OF TRUSTEES; LES PROTEAU, CHARLES DEL MONTE, and DOUG CHRISTOPHER, AS TRUSTEES; and DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;

Plaintiffs,

v.

RODEO DRYWALL, INC., a California Corporation, and TONY RODRIGUEZ, Individually,

Defendants.

Case No.: C07-6344 MHP

**AMENDED COMPLAINT**

Parties

1. The Bay Area Painters and Tapers Pension Trust Funds which includes the Bay Area Painters and Tapers Pension Trust Fund – The Annuity Plan ("Pension and Annuity Fund");

District Council 16 Northern California Health and Welfare Fund ("Health Fund"), and District Council 16 Northern California Apprentice and Journeyman Training Trust Fund ("Apprenticeship Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") §3(3), 29 U.S.C. §1002(3). The Joint Boards of Trustees (“Trustees”) of said funds are the named fiduciaries of the funds under ERISA §402(a), 29 U.S.C. §1002(a). Les Proteau is a Chairman and Charles Del Monte is the Secretary of the Trustees and both are fiduciaries of said funds. Doug Christopher is the Chairman of the District Council 16 Northern California Apprentice and Journeyman Training Trust Fund.

1. The Health Fund was formerly Bay Area Painters and Tapers Health Fund prior to its merger with other health and welfare trust funds effective January 1, 2008.

2. District Council 16 of the International Union of Painters and Allied Trades, (“Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3. RODEO DRYWALL, INC., and TONY RODRIGUEZ are employers by virtue of ERISA §3(5), 29 U.S.C. §1002(5), and NLRA §2(2), 29 U.S.C. §152(2). They are referred to herein as “Defendants.”

4. The Pension and Annuity Fund, Health Fund, Apprenticeship Funds, and their fiduciaries are herein referred to as “ERISA Plaintiffs.”

5. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA §502, 29 U.S.C. §1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") §301, 29 U.S.C. §185, in that the ERISA Plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the Defendant and the Union.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C.

§1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

8. Venue exists in this Court with respect to the claims under ERISA §502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arose in this district.

Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to the ERISA Plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiffs' funds and union dues, were administered during the period claimed herein, and where Defendant failed to fulfill its statutory and contractual obligations to the ERISA Plaintiffs.

Bargaining Agreement

11. The Union and Defendant entered into a collective bargaining agreement ("Bargaining Agreement") requiring the payment of dues to the Union, and contributions to be made to the ERISA Plaintiffs and other funds more fully described under Schedule A of the Bargaining Agreement. The ERISA Plaintiffs are third party beneficiaries of the Bargaining Agreement.

12. The Trustees are the assignees of monies due under the Bargaining Agreement for the Work Preservation Fund, a California non-profit organization; the Painters & Allied Trades Labor Management Cooperation Initiative; and the Administrative Fund (collectively the "Funds").

13. Defendant has a statutory duty to make timely required payments to the ERISA Plaintiffs under ERISA §515, 29 U.S.C. §1145.

14. Under the terms of the Bargaining Agreement and of the governing documents of the ERISA Plaintiffs and the Funds which documents are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to submit monthly reports of hours worked by its employees, and to regularly pay to the ERISA Plaintiffs, the Funds, and to the Union for union dues, certain sums of money, the amounts of which are determined by the hours worked by employees of Defendant, as more fully set forth in the Bargaining Agreement. Under the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs and the Funds, Defendant agreed to pay liquidated damages for each delinquent payment. Defendant further agreed to pay interest on the combined total of contributions plus liquidated damages at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full.

15. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are required to permit an authorized Trust Fund representative to examine such records of defendants as is necessary to determine whether defendants have made full payment of all sums owed to the Plaintiffs, all as more fully set forth in said governing documents, as amended, and incorporated into the Bargaining Agreement.

Facts

16. Defendants have failed to submit reports or pay contributions owing to the plaintiffs under the Bargaining Agreement for work performed by defendants' employees during the months of July 2007 through September 2007, and have failed to pay liquidated damages and interest owing to the plaintiffs under the Bargaining Agreement for unpaid contributions.

17. On several occasions, demand was made on defendants on behalf of plaintiffs, for payment of all delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff Funds, the Union, and the Funds. Defendants have failed and refused to make payment of any amounts due claimed herein, as required by the Bargaining Agreement.

18. Pursuant to the terms of the Bargaining Agreement, as well as the Trust Agreement, defendants are required to provide records so that the plaintiffs' representative may conduct an

audit to confirm compliance with the obligations under both the Bargaining and Trust Agreements. Plaintiffs are still missing contribution reports from defendants for the period from July, 2007 – September, 2007. It has recently come to Plaintiffs' attention that the reports that were submitted by defendants (for October, 2007 to the present) may not have been accurate and that additional amounts are owed to the Trust Funds. Plaintiffs are in the process of attempting to schedule an audit. Written demand has been made on defendants on behalf of plaintiffs, to schedule an audit and provide records for examination pursuant to the terms of the Collective Bargaining Agreements and the governing documents of the ERISA Plaintiffs for the period July 1, 2007 through date of inspection.

19. Defendants have thus far not provided records or permitted an authorized representative of the Plaintiffs to examine defendants' records as are necessary to determine whether defendants have made full payment of all sums owed to the plaintiffs for the period July 1, 2007 through date of inspection.

20. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are required to regularly pay to the ERISA Plaintiffs, the Bargained Plans, and the Union for dues, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the ERISA Plaintiffs, defendants agreed to pay liquidated damages in the amount of ten percent (10%) for each delinquent payment, together with interest thereon at the rates reasonably set by the Trustees of the ERISA Plaintiffs, from the day immediately following the date that each such payment became due, all as more fully set forth in said governing documents, as amended, and incorporated into the Bargaining Agreement.

21. Defendants have a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments has violated the law.

22. Defendants have a contractual duty under the Bargaining Agreement to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds, and to timely make the required payment of union dues to the Union. By failing to make such timely payments as required, defendants have breached said duty.

23. Defendants' failure and refusal to timely submit the aforesaid reports and payments as alleged herein was at all times, and still is, willful. Said refusal is unjustified and done with malicious intent. Defendants' failure to timely make such payments in compliance with the Bargaining Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to all ERISA Plaintiffs funds and to the Union. Defendants' obligations pursuant to the Bargaining Agreement are continuing obligations; defendants continue to breach said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the Plaintiff Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that defendants will continue to willfully refuse to make said payments unless ordered by this Court to comply.

24. Defendants' failure and refusal to provide records and to permit examination of its records as alleged herein was at all times, and still is, willful. Defendants continue to breach said Bargaining Agreement, and the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, by failing to permit examination of its records as alleged. Said refusal is unjustified and done with malicious intent.

25. Plaintiffs are without an adequate remedy at law and the ERISA Plaintiffs, the Bargained Plans and the Union will suffer continuing and irreparable injury, loss and damage unless defendants are ordered specifically to perform all obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the L.M.R.A., 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein; is restrained from continuing to refuse to perform as required thereunder; is specifically ordered to provide certain records and to permit examination of its records as alleged herein; and to pay all

contributions, liquidated damages and interest determined to be due plaintiffs following examination of defendant's records.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against defendants as follows:

a. For unpaid contributions for hours worked during the period July 2007 through September 2007, as specified above and thereafter through judgment, and as to any other amounts found due on audit;

(1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

(2) To the Union in accordance with the Bargaining Agreement.

b. Liquidated damages on late paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of the Plaintiff Funds and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c).

c. Interest on late paid and unpaid contributions, dues and liquidated damages which become a part of contributions under the terms of the Bargaining Agreement, at the rates set in accordance with the Bargaining Agreement, the governing documents of the Plaintiff Funds and the ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues or where otherwise appropriate.

2. For an order requiring defendant to provide certain records and to submit to an audit of such records by a date certain for the period July 1, 2007 through date of inspection; and

3. For judgment against defendants in favor of the ERISA Plaintiffs and the Union, in an amount equal to:

a. Any unpaid contributions, as determined by said audit of defendants' records for the period July 1, 2007 through date of inspection pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

(1) To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

(2) To the Union, in accordance with the Bargaining Agreement;

b. Liquidated damages in an amount equal to the greater of:

(1) Interest on the unpaid contributions, or

(2) Liquidated damages provided for under the Bargaining Agreement on the aforementioned unpaid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

c. Interest on any unpaid contributions and dues, and on liquidated damages, at the rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues and where otherwise appropriate.

4. For any additional contributions and dues payable to plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs and, with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

5. ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and in accordance with the collective bargaining agreement for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

6. For an order enjoining defendants from violating the terms of the Bargaining Agreement and the governing documents referred to therein, from disposing of any assets until said terms have been complied with, and from continuation or operation of defendants' business until said terms have been complied with.

7. That the Court retain jurisdiction of this case pending compliance with its orders.

8. For such other and further relief as the Court may deem just and proper.

Dated: July 1, 2008

SALTZMAN & JOHNSON
LAW CORPORATION

By: ______________/s/_______________
Michele R. Stafford
Attorneys for Plaintiffs